# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-0788V
### (not to be published)

JOEL FLORES,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

Chief Special Master Corcoran

Filed: October 25, 2019

Special Processing Unit (SPU);
Attorneys' Fees and Costs

*Amber Diane Wilson, Maglio Christopher & Toale, PA, Washington, DC, for petitioner.*
*Althea Walker Davis, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On July 1, 2016, Joel Flores, ("petitioner"), filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") causally related to the influenza vaccination he received on September 17, 2015. (Petition at ¶¶ 2, 12). On June 13, 2019, a decision was issued by then Chief Special Master Dorsey, awarding compensation to petitioner based on the parties' stipulation. (ECF No. 60).

Petitioner has now filed a motion for attorney's fees and costs dates, September 27, 2019, (ECF No. 66), requesting a total award of $38,410.95, (consisting of $33,579.90 and attorney's costs of $4,831.95). Pursuant to General Order #9, Petitioner filed a

---

[1] Although I have not designated this Decision for publication, it will be made available on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

signed statement indicating that he did not incur out-of-pocket expenses. *Id.* at 2. Respondent reacted to the motion on October 10, 2019, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, and deferring to the Court's discretion to determine the amount to be awarded. (ECF No. 67). On October 3, 2019, petitioner filed his reply disputing reply. (ECF No. 68) disputing respondent's position that he has no role in resolving attorneys' fees and costs and further reiterating his view that his attorneys' fees and costs in this case are reasonable.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). I have reviewed the billing records submitted with Petitioner's initial request, and based on my discretion and Vaccine Program experience, I find the requested hourly rates and work performed to be reasonable. I therefore approve the requested amount for attorney's fees and costs.

Accordingly, I hereby GRANT Petitioner's Motion for attorneys' fees and costs. I award a total of **$38,410.95** (representing $33,579.90 in attorney's fees and $4,831.95 in costs) as a lump sum in the form of a check jointly payable to Petitioner and his counsel, Amber Diane Wilson, Esq. Petitioner requests the check be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota Florida 34236. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.